## GEORGE W. LOCKE, Respondent, v. JOHN W. GRISWOLD, Appellant.

### St. Louis Court of Appeals, November 11, 1902.

**Evidence:** AFFIRMANCE OF JUDGMENT: PRACTICE, TRIAL. There was substantial evidence that plaintiff, as real estate broker, was employed by defendant to sell certain property, found a solvent purchaser according to the authorized terms, and in the absence of exceptions to any ruling save a lack of testimony to support the judgment, respondent is entitled to an affirmance.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

AFFIRMED.

*Upton M. Young* for appellant.

The court erred in overruling appellant's motion for a new trial.

*G. B. Webster* and *F. H. Sullivan* for respondent.

(1) The demurrer to the evidence came too late. Moorehouse v. Ware, 78 Mo. 103; Watson v. Rice, 46 Mo. App. 554. (2) It was properly overruled, because: (a) It admitted every material fact proven in respondent's favor and every possible inference therefrom. Baird v. Railway, 146 Mo. 281; Young v. Webb City, 150 Id. 341; Bank v. Simpson, 152 Id. 656. (b) Respondents produced a purchaser ready, willing, and able to buy on the terms proposed. Gaty v. Foster, 18

Mo. App. 639; Hayden v. Grillo, 42 Id. 1; Phister v. Gove, 48 Id. 455.

GOODE, J.—In this action plaintiff sues to recover a commission due him for selling a piece of ground belonging to defendant and other parties in, the city of St. Louis. The petition is in two counts;· the first one being on a contract by which it is alleged the defendant employed him to sell the land and agreed to pay him the usual and customary commission; the second count is on a *quantum meruit*.

Considerable evidence was introduced on both sides and after it was in and the court had announced that his finding would be for the plaintiff, the defendant prayed the following instruction:

"The court instructs the jury to find for the defendant."

This instruction was refused and was inappropriate as the cause was not tried by a jury but by the court. We will, however, treat it as a declaration of law in the nature of a demurrer to the plaintiff's case.

There is nothing in the record of error or exception for this court to review except the refusal of the aforesaid declaration and that, of course, merely raised the question of whether there was evidence on which the trial court could justly enter judgment for the plaintiff. Not only was there evidence, but it was abundant and we are unable to see how a different verdict could have been reached.

Griswold employed Locke to sell the land and Locke sold it to John C. Hall, who agreed to pay one thousand dollars in cash, four thousand dollars more in ninety days and ten thousand dollars, the balance of the purchase price, in three and five years, with interest at the rate of six per cent per annum on the deferred payments, which were the authorized terms.

Hall actually gave Locke his check for one hundred dollars and stood ready to pay the balance of the one thousand dollars as soon as the requisite conveyances were executed, a memorandum of the terms of

sale being executed by Locke for Griswold, to whom the check for one hundred dollars was sent, he being then at Litchfield, Illinois. Griswold retained the check for two weeks and then came to St. Louis and refused to complete the sale on the ground that Hall did not pay one thousand dollars in cash. Hall was ready then to pay it and close up the deal and swore he was ready to do so at any time Griswold was ready to convey, which statement there is no reason to disbelieve, as it stands uncontradicted.

Four other persons besides Griswold owned the land and the real reason why the deal was not consummated seems to have been that his co-owners were unwilling to accept the price for which he had agreed to sell. The first time Griswold was seen or heard from after the check was sent to him, Hall offered to go to the bank with him and instantly pay the full cash payment, but Griswold declined to accept it. This is sufficient to show the judgment rests on testimony and it is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.